1

United States DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,        : 15CR00095(WFK)
                                 :
                                 :
                                 :
        -against-                : United States Courthouse
                                 : Brooklyn, New York
                                 :
                                 :
AKHROR SAIDAKHMETOV,             : Thursday, January 19, 2017
                                 : 2:30 p.m.
            Defendant.           :
                                 :
                                 :
                                 :

- - - - - - - - - - - - - - X

            TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
        BEFORE THE HONORABLE WILLIAM F. KUNTZ, II
                UNITED STATES DISTRICT JUDGE

                A P P E A R A N C E S:

For the Government:  ROBERT L. CAPERS, ESQ.
                     United States Attorney
                     Eastern District of New York
                        271 Cadman Plaza East
                        Brooklyn, New York 11201
                     BY:  DOUGLAS PRAVDA, ESQ.
                          DAVID KESSLER, ESQ.
                          Assistant United States Attorney

 For THE DEFENDANT:     ADAM D. PERLMUTTER, ESQ.
                        260 Madison Avenue, Suite 1800
                        New York, New York 10016


INTERPRETER:
Sanjar Babadjanov

Court Reporter:      SOPHIE NOLAN, RPR
                     225 Cadman Plaza East/Brooklyn, NY 11201
                     NolanEDNY@aol.com
Proceedings recorded by mechanical stenography, transcript
produced by Computer-Aided Transcription.

W. Name - direct/cross - Atty                           2

1     THE COURTROOM DEPUTY:  The Honorable William F.

2  Kuntz, II is now presiding.  Criminal cause for pleading.

3  Docket number 15-cr-001595.  USA v. Saidakhmetov.

4     Counsel, please state your appearances for the

5  record and spell your first and last names for the Court

6  Reporter including the Uzbek interpreter.

7     MR. PRAVDA:  Good afternoon, Your Honor.  Douglas

8  Pravda, P-R-A-V-D-A, and Kessler is K-E-S-S-L-E-R.

9     THE COURT: Good afternoon.  Please be seated and

10 remain seated for the balance of the proceeding.

11    MR. PERLMUTTER:  Good afternoon, Your Honor.  For

12 Akhror Saidakhmetov, Adam Perlmutter, P-E-R-L-M-U-T-T-E-R.

13 Good afternoon, Your Honor.

14    THE COURT:  Good afternoon.  And with today you at

15 counsel table is?

16    MR. PERLMUTTER:  Your Honor, we have two

17 court-furnished Uzbek translators and I have to confess I

18 don't have their names off the top of my head.

19    THE COURT:  I bet they have their names off their

20 names off the top of their heads.  I wanted to have you

21 acknowledge on the record that your client is present.

22    MR. PERLMUTTER:  Yes, Judge.  My client is produced.

23 He is standing to my right.

24    THE COURT:  I'm going to ask the interpreter to

25 identify himself and spell his name, please.

1          THE INTERPRETER:  Uzbek interpreter, Sanjar

2    Babackanov, S-A-N-J-A-R, B-A-B-A-C-K-A-N-O-V.

3          THE COURT:  And you were previously sworn?

4          THE INTERPRETER:  Yes.

5          THE COURT:  Are there any other counsel who wish to

6    state their appearances for the record?  Hearing none, I am

7    going to ask Mr. Jackson to please swear the defendant.

8    A K H R O R   S A I D K H M E T O V, sworn.

9          THE COURT:  What was his answer?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Please be seated.  Thank you.  Good

12   afternoon, Mr. Saidakhmetov.  Where were you born?

13          THE DEFENDANT:  Kazakhstan.

14          THE COURT:  What is your date of birth?

15          THE DEFENDANT:  25th June.

16          THE COURT:  Of what nation are you a citizen?

17          THE DEFENDANT:  Kazakhstan.

18          THE COURT:  And again your birthday was what year?

19          THE DEFENDANT:  1995, 26th June.

20          THE COURT:  How old are you today, sir?

21          THE DEFENDANT:  Twenty-one.

22          THE COURT:  Beginning with grammar school, the first

23   school you attended, please describe your educational

24   background.

25          THE DEFENDANT:  I graduated high school in

1   Uzbekistan and when I came here I was studying in high school

2   again from ninth grade, but I never graduated it.

3           THE COURT:  How far did you get in school?  What was

4   the highest grade you completed?

5           THE DEFENDANT:  Tenth.

6           THE COURT:  After the tenth grade, what did you do?

7           MR. PERLMUTTER:  One second, Your Honor.

8           (Pause in the proceedings.)

9           THE DEFENDANT:  I finished the ninth grade, but I

10  didn't finish the tenth grade.

11          THE COURT:  Okay.  When you left school, what did

12  you do?

13          THE DEFENDANT:  I was trying to go for GED.  Trying

14  to study GED.

15          THE COURT:  You were trying to go to school, /is

16  that what you said?

17          THE DEFENDANT:  Yes.

18          THE COURT:  What school were you trying to attend?

19          THE DEFENDANT:  It was a college, but I cannot

20  recall the name right now.

21          THE COURT:  Did you go to work at some point?

22          THE DEFENDANT:  Yeah, I was working in -- in Georgia

23  in the mall.

24          THE COURT:  Georgia, Russia?

25          MR. PERLMUTTER:  No, Georgia, United States in a

1    mall.

2            THE COURT:  Let me ask the witness not the lawyer.

3    Georgia, United States, sir?

4            THE DEFENDANT:  Yes.

5            THE COURT:  In what city in Georgia?

6            THE DEFENDANT:  Savannah.

7            THE COURT:  Why don't we have you translate.  If he

8    says "Savannah" you say "Savannah" because that will be

9    clearer for the Court and for the record as well.

10           What did you do in Savannah, Georgia?

11           THE DEFENDANT:  I was working in the mall and at a

12   store where they're fixing phones.  I was learning how to fix

13   the screens on the phones.

14           THE COURT:  Have you taken any drugs, any medicines,

15   any pills or consumed any alcoholic beverage within the past

16   24 hours?

17           THE DEFENDANT:  No.

18           THE COURT:  Do you understand what is happening

19   today.

20           THE DEFENDANT:  Yes, I do.

21           THE COURT:  Defense counsel, do you have any doubts

22   as to your client's competence to proceed at this time?

23           MR. PERLMUTTER:  No, Your Honor.

24           THE COURT:  Mr. Prosecutor, do you have any doubt as

25   to the defendant's competence to proceed at this time?

1           MR. PRAVDA:  No, Your Honor.

2           THE COURT:  The court hereby finds, based on the

3    defendant's representations, and the representations of all

4    counsel of record that the defendant is competent.

5           May I have the superseding indictment marked as

6    Court Exhibit 1 for identification, please?

7               (Court Exhibit 1, marked for identification.)

8           THE COURT:  Thank you.

9           THE COURTROOM DEPUTY:  You're welcome.

10          THE COURT:  The court has what has been marked as

11   Court Exhibit 1 for identification, the superseding indictment

12   in this case.  The grand jury charge is as follows:  Count

13   One:  Conspiracy to provide material support to a foreign

14   terrorist organization; one, in or about and between August of

15   2014 and February of 2015, both dates being approximate and

16   inclusive, within the Eastern District of New York and

17   elsewhere, the defendants Akhror Saidakhmetov, Abror Habibov,

18   Azizjon Rakhmatov also known as 'Abdulaaziz' and 'Abdul

19   Azizz,' Akmal Zakirov and Dilkhayot Kasimov, together with

20   others did knowingly and intentionally conspire to provide

21   material support and resources as defined in Title 18, United

22   States Code, Section 2339A(b), including services and

23   Saidakhmetov and Abdurasul Juraboev as personnel, to a foreign

24   terrorist organization, to wit:  the Islamic State of Iraq and

25   the Levant.  (Title 18 United States Code, Section 2339B(a)(1)

1   and 3551 et seq.)

2          Count Two:  Attempt to provide material support to a

3   terrorist organization.  2.  In or about and between August

4   2014 and February 2015, both dates being approximate and

5   inclusive within the Eastern District of New York and

6   elsewhere, the defendants Akhror Saidakhmetov, Abror Habibov,

7   Azizjon Rakhmatov also known as "Abdulaaziz and Abdul Azizz,

8   Akmal Zakirov and Dilkhayot Kasimov, together with others did

9   knowingly and intentionally conspire to provide material

10  support and resources as defined in Title 18, United States

11  Code, Section 2339A(b), including services and Saidakhmetov

12  and Abdurasul Juraboev as personnel, to a foreign terrorist

13  organization, to wit:  the Islamic State of Iraq and the

14  Levant.  Violating Title 18 United States Code, Section

15  2339B(a)(1), (2) and 3551 et seq.

16         Count three:  Conspiracy to use a firearm.  3.  In

17  or about and between January 2015 and February 2015, both

18  dates being approximate and inclusive, within the Eastern

19  District of New York and elsewhere, the defendants Akhror

20  Saidakhmetov, Abror Habibov, Azizjon Rakhmatov also known as

21  "Abdulaaziz and Abdul Azizz, together with others, did

22  knowingly and intentionally conspire to use and carry a

23  firearm during and in relation to one or more crimes of

24  violence to wit:  the crimes charged in Counts One and Two

25  contrary to Title 18 United States Code, Section 924(c), in

1  violation of Title 18 United States code Section 924(o) and

2  3551, et seq.

3            Count four:  Travel document fraud.  4, in or about

4  or between January 2015 and February 2015, both dates being

5  approximate and inclusive within the Eastern District of New

6  York and elsewhere, the defendant, Akhror Saidakhmetov,

7  together with others did knowingly and intentionally make

8  under oath and knowingly subscribe as true under penalty of

9  perjury under Section 1746 of Title 28 United States Code, one

10 or more false statements with respect to one or more material

11 facts to facilitate an act of international terrorism, to wit:

12           "(a) that Saidakhmetov intended to travel to Turkey,

13 Uzbekistan and Kazakhstan, when, in fact, as Saidakhmetov then

14 and there well and believed, he intended to travel to Syria;

15 and.

16           "(b) that the purpose of Saidakhmetov's travel

17 'travel' and 'entertainment' when in fact as Saidakhmetov then

18 and there well knew and believed, the purpose of his travel

19 was to join the Islamic State of Iraq and the Levant; in an

20 application required by the immigration laws and regulations

21 prescribed thereunder, to wit:  a Form I-131 Application for

22 Travel Document, and did knowingly and intentionally present

23 such application, which such false statements and violating

24 Title 18 of the United States Code, Sections 1546(a), 2 and

25 3551 et seq.

1          A true bill signed by the foreperson of the Grand

2   Jury signed by Robert Capers, United States Attorney."

3          May I have a motion to have the superseding

4   indictment Court 1 admitted into evidence please?

5          MR. PRAVDA:  The Government moves.

6          THE COURT:  Any objection?

7          MR. PERLMUTTER:  No objection, Your Honor.

8          THE COURT:  It's admitted.

9          (Court Exhibit 1, received in evidence.)

10         THE COURT:  Do the parties have a signed copy of the

11  plea agreement?

12         MR. PERLMUTTER:  We have and I handed it to

13  Mr. Jackson, who's going to hand it to you right now.

14         (Court Exhibit 2, marked for identification.)

15         THE COURT:  Thank you.  I have a signed copy of the

16  plea agreement.  It is marked as Court Exhibit 2 for

17  identification.  It is dated January 19, 2015, Brooklyn, New

18  York signed by the United States Attorney's Office, by

19  Mr. Douglas M. Pravda, the Assistant United States Attorney

20  approved by Mr. Seth D. DuCharme, Supervising Assistant United

21  States Attorney.

22         It has been signed by the defendant, Akhror

23  Saidakhmetov right above his signature is the following

24  language:  "I have read the entire agreement and discussed it

25  with my attorney.  I understand all of its terms and am

W. Name - direct/cross - Atty                    10

1    entering into it knowingly and voluntarily."  It is signed by

2    the defendant and approved as to form by distinguished

3    Mr. Adam Perlmutter, counsel for the defendant.

4            May I have a motion to have the plea agreement,

5    Court Exhibit 2, admitted into evidence, please.

6            MR. PRAVDA:  The Government so moves, Your Honor.

7            THE COURT:  Any objection?

8            MR. PERLMUTTER:  No, Your Honor.

9            THE COURT:  The plea agreement reads as follows:

10   "Pursuant to Rule 11 of the Federal Rules of Criminal

11   Procedure, the United States Attorney's Office for the Eastern

12   District of New York and Akhror Saidakhmetov, the defendant,

13   agree to the following:

14           "1.  The defendant this plead guilty to count one of

15   the above-captioned indictment charging a violation of 18

16   U.S.C. Section 2339B.  The count carries the following

17   statutory penalties:  Maximum term of imprisonment, 15 years;

18   18 U.S.C. Section 2339B(a)(1).

19           "Minimum term of imprisonment, zero years.  Maximum

20   supervised release term, life, to follow any term of

21   imprisonment; if a condition of release is violated, the

22   defendant may be sentenced to up to two years without credit

23   for prerelease imprisonment or time previously served on

24   post-release supervision.

25           "D.  Maximum fine, $250,000.  E.  Restitution in an

1    amount to be determined by this court.  F.  $100 special

2    assessment.  G.  Other penalties; removal, as set forth below

3    in paragraph 6.

4         "2.  The defendant understands that although

5    imposition of a sentence in accordance with United States

6    Sentencing Guidelines is not mandatory, the guidelines are

7    advisory and the court is required to consider any applicable

8    guideline provisions as well as other factors enumerated in 18

9    U.S.C. Section 3553A to arrive at an appropriate sentence in

10   this case.

11        "The Office will advise the court and the Probation

12   Department of information relevant to sentencing including

13   criminal activity engaged in by the defendant and such

14   information may be used by the court in determining the

15   defendant's sentence.  See 18 U.S.C. Section 3661.

16        "No limitation shall be placed on the information

17   concerning the background, character and conduct of a person."

18        THE DEFENDANT:  Your Honor, would you please repeat

19   the last sentence.

20        THE COURT:  What we are going to do is we're going

21   to have the entire document placed in evidence so he will be

22   able to read it again.

23        Do you have a copy of it?

24        MR. PERLMUTTER:  We do not, Your Honor.

25        THE COURT:  Why don't you put a copy in front of

W. Name - direct/cross - Atty                    12

1   him.

2              MR. PERLMUTTER:  Thank you, Judge.

3              THE COURT:  Is it in front of the defendant now?

4              MR. PERLMUTTER:  It is, Your Honor.  Thank you.

5              THE COURT:  You're welcome.

6              "The Office will advise the Court and the Probation

7   Department of information relevant to sentencing including

8   criminal activity engaged in by the defendant and such

9   information may be used by the court in determining the

10  defendant's sentence, See 18 U.S.C., Section 3661.  ('No

11  limitation shall be placed on the information concerning the

12  background, character and conduct of a person convicted of an

13  offense which a court of the United States may receive and

14  consider for the purpose of imposing an appropriate sentence.'

15             "The Office estimates the likely adjusted offense

16  level under the guidelines to be 40, which is predicated on

17  the following guidelines calculation:

18             MR. PERLMUTTER:  One moment, Your Honor.

19             (Pause in proceedings.)

20             MR. PERLMUTTER:  You can proceed, Judge.  Thank you.

21             THE COURT:  Base offense level U.S.S.G. Section

22  2M5.3(a), 26.  Plus:  Probation of material support or

23  resources with the intent, knowledge or reason to believe they

24  were to be used to commit or assist in the commission of a

25  violent act, U.S.S.G. Section 2M5.3(b)(1)(E).

W. Name - direct/cross - Atty                    13

1    "Plus:  Terrorism enhancement, U.S.S.G.  Section

2    3A1.4(a), 12.  Total:  40.

3    "If the defendant clearly demonstrates acceptance of

4    responsibility to allocution and subsequent conduct prior to

5    the imposition of sentence, a two-level reduction will be

6    warranted pursuant to U.S.S.G. Section 3E-1.1(a) resulting in

7    an offense level of 38 and the range of imprisonment of 360

8    months to life, assuming the defendant falls within Criminal

9    History Category VI.

10    "However, because of the statutory maximum sentence,

11    the effective guidelines range is 180 months.  Furthermore, if

12    the defendant has accepted responsibility as described above

13    to the satisfaction of the Office and if the defendant pleads

14    guilty on or before January 20, 2017 an additional one-level

15    reduction will be warranted pursuant to U.S.S.G. Section 3B1.1

16    (b) resulting in an adjusted offense level of 37.

17    "This level carries a range of imprisonment of 360

18    months to life assuming the defendant falls within Criminal

19    History Category VI.  However, because of the statutory

20    maximum sentence, the effective guidelines range is 180

21    months.  The defendant stipulates to the above guidelines

22    calculation.

23    "3.  The guideline estimate set forth in paragraph

24    two is not binding on the Office, the Probation Department or

25    the Court.  If the guidelines offense level advocated by the

1   Office or determined by the Probation Department or the court

2   is, for any reason, including an error in the estimate

3   different from the estimate, the defendant will not be

4   entitled to withdraw the plea and the Government will not be

5   deemed to have reached this agreement.

6            "4.   The defendant agrees not to file an appeal or

7   otherwise challenge by petition pursuant to 28 U.S.C. Section

8   2255 or any other provision the convictions for sentence in

9   the event the Court imposes a term of imprisonment of 180

10  months or below.  This waiver is binding without regard to the

11  sentencing analysis used by the Court.

12           "The defendant waives all defenses based on the

13  statute of limitations and venue with respect to any

14  prosecution that is not time barred on the date that this

15  agreement is signed in the event that; A, the defendant's

16  conviction is later vacated for any reason; B, the defendant

17  violates this agreement or; C, the defendant's plea is later

18  withdrawn.

19           "Nothing in the foregoing waiver of Appellate and

20  collateral review rights shall preclude the defendants from

21  raising a claim of ineffective assistance of counsel in an

22  appropriate forum.

23           "The defendant waives any rights to additional

24  disclosure from the Government in connection with the guilty

25  plea.  The defendant agrees that with respect to all charges

1    referred to in paragraphs 1 and 5-A, he is not a prevailing

2    party within the meaning of the Hyde Amendment and will not

3    file any claim under that law.

4            The defendant agrees to pay the special assessment

5    by check payable to the clerk of the court at or before

6    sentencing.  The defendant understands that he may be subject

7    to removal as set forth in paragraph 6 below.

8            "Nonetheless, if the defendant affirms that he wants

9    to plead guilty and waive his right to appeal as set forth at

10   the beginning of this paragraph even if the consequence is the

11   defendant's automatic removal from the United States.

12           "5.  The Office agrees that, A, no further criminal

13   charges will be brought against the defendant --

14           MR. PERLMUTTER:  One second, Your Honor.

15           (Pause in the proceedings.)

16           THE COURT:  "The Office agrees that, A, no further

17   criminal charges will be brought against the defendant for, 1,

18   conspiring to provide and attempting to provide material

19   support to the Islamic State of Iraq and Lebanon, ISIL between

20   August 2014 and February 2015; 2, conspiring to use a firearm

21   during and in relation to the conspiracy and attempt to

22   provide material support to ISIL between January 2015 and

23   February 2015.

24           "And, 3, making false statements in an application

25   for a travel document to facilitate an act of international

1  terrorism between January 2015 and February 2015, all as

2  charged in the indictment as being understood that this

3  agreement does not bar the use of such conduct as a predicate

4  act or as a basis for a sentencing enhancement in the

5  subsequent prosecution including, but not limited to, a

6  prosecution pursuant to 18 U.S.C. Sections 1961 et seq, and at

7  the time of sentence it will move to dismiss the remaining

8  counts of the indictment and any underlying indictment's

9  prejudice.

10         "And, based upon information now known to the

11  Office, it will take no position concerning where within the

12  guidelines range determined by the court the sentence should

13  fall.

14         "And, C, make no mention for an upward departure

15  under the sentencing guidelines.  If information relevant to

16  sentencing as determined by the Office becomes known to the

17  office after the date of this agreement, the Office will not

18  be bound by paragraph 5(b) and 5(c).

19         "Should it be judged by the Office that the

20  defendant has violated any provision of this agreement, the

21  defendant will not be released from his plea of guilty but

22  this office will be released from its obligations under the

23  agreement, including but not limited to; A, moving for the

24  additional one level downward adjustment for timely acceptance

25  of responsibility described in paragraph 2 above and, B, the

1    provisions of paragraphs 5-A through C.

2            6.   The defendant acknowledges that he is not a

3    citizen of the United States and recognizes that pleading

4    guilty may have consequences with respect to the defendant's

5    immigration status.

6            Under federal law, a broad range of crimes are

7    removable offenses including the offense to which the

8    defendant is pleading guilty.  Because the defendant is

9    pleading guilty to a terrorism-related offense removal is

10   presumptively mandatory.  Removal and other immigration

11   consequences are the subject of a separate proceeding,

12   however, and the defendant understands that no one, including

13   the defendant's attorney or this district court can predict

14   with certainty the effects of the defendant's conviction to

15   the defendant's immigration status.

16           The defendant understands that it is the intent of

17   the United States to seek to remove the defendant promptly

18   upon the completion of his criminal sentence of imprisonment.

19           The defendant nevertheless affirms the defendant

20   wants to plead guilty regardless of any immigration

21   consequences the defendant's plea may entail, even if the

22   consequence is the defendant's automatic removal from the

23   United States.

24           "7.  This agreement does not bind any federal, state

25   or local prosecuting authority other than the Office and does

1    not prohibit the Office from initiating or prosecuting any

2    civil or administrative proceedings, directly or indirectly

3    involving the defendant.

4            "8.  Apart from any written proffer agreements, if

5    applicable, no promises, agreements or conditions have been

6    entered into by the parties other than those set forth in this

7    agreement and none will be entered into unless memorialized in

8    writing and signed by all parties.  Apart from any written

9    proffer agreement, if applicable, this agreement supersedes

10   all prior promises, agreements or conditions between the

11   parties.  To become effective this agreement must be signed by

12   all signatories below."

13           Brooklyn, New York, January 19, 2017.  It is signed

14   on behalf of Robert L. Capers, United States Attorney by

15   Douglas M. Pravda over the signature line of Mr. Pravda and

16   Alexander Solomon and Peter Baldwin, Assistant United States

17   attorneys, approved by Seth D. DuCharme, Supervising Assistant

18   U.S. Attorney.

19           It states, "I have read the entire agreement and

20   discussed it with my attorney.  I understand all of its terms

21   and am entering into it knowingly and voluntarily."  Signed by

22   the defendant, Akhror Saidakhmetov, and approved by Mr. Adam

23   Perlmutter, Esquire, counsel to the defendant.

24           Again, this is Court 2, the plea agreement.  Could I

25   have a motion to have court 2 admitted in evidence?  Any

W. Name - direct/cross - Atty                    19

1    objection?

2              MR. PERLMUTTER:  No objection, Judge.

3              THE COURT:  Okay, it's in.

4              (Court Exhibit 2, received in evidence.)

5              THE COURT:  Do we have any other documents that need

6    to be handed up to Mr. Jackson at this time that the Court has

7    not seen that are relevant to this plea?

8              MR. PRAVDA:  No, Your Honor.

9              MR. PERLMUTTER:  No, Your Honor.  No, sir.

10             THE COURT:  Are you sure about that?  You don't have

11   any documents concerning the rule that you need to hand up at

12   this time?

13             MR. PRAVDA:  There are no additional documents that

14   are relevant to this plea, Your Honor.

15             THE COURT:  Thank you.

16             Mr. Saidakhmetov, unless your counsel or the

17   prosecution or both wishes to be heard or has an objection at

18   this point, the Court will turn to the final procedures

19   pertaining to your plea in this case.

20             Mr. Saidakhmetov, your attorney advises this court

21   that you wish to plead guilty to Count One of the superseding

22   indictment pursuant to the plea agreement which I have read or

23   offered to read to you.

24             Do you need me to read the superseding indictment

25   and/or the plea agreement to you again?

1          THE DEFENDANT:  No, it's enough.

2          THE COURT:  I say again, sir, this is a serious

3    decision and I must be certain that you make it understanding

4    your rights and the consequences of your plea.  Do you

5    understand that having been sworn to tell the truth to this

6    court you must do so?

7          If you were to lie to this court deliberately in

8    response to any question I ask you, you would face further

9    criminal charges of perjury.  Do you understand?

10         THE DEFENDANT:  Yes.

11         THE COURT:  If you need me to repeat anything, all

12   you have to do is ask.  It is important that you understand

13   everything that is going on in these proceedings today.  Is

14   that clear?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Mr. Saidakhmetov, I must be certain that

17   whatever decision you make today you make with a clear head so

18   I am going to ask you some questions about your health.

19         Are you presently or have you recently been under

20   the care of any kind of doctor, psychiatrist, physician or

21   psychologist for any reason?

22         THE DEFENDANT:  No.

23         THE COURT:  In the past 24 hours have you taken any

24   pills, any drugs or any medicine of any kind?

25         THE DEFENDANT:  No.

1          THE COURT:  Have you ever been hospitalized or

2    treated for any drug-related problem?

3          THE DEFENDANT:  No.

4          THE COURT:  Have you ever participated in a

5    court-ordered drug treatment program?

6          THE DEFENDANT:  No.

7          THE COURT:  In the past 24 hours have you consumed

8    any alcoholic beverages?

9          THE DEFENDANT:  No.

10          THE COURT:  Have you ever been hospitalized or

11    treated for any alcohol-related problem?

12          THE DEFENDANT:  No.

13          THE COURT:  Have you ever participated in a

14    court-ordered alcohol treatment program.

15          THE DEFENDANT:  No.

16          THE COURT:  Is your mind clear as you sit here

17    today?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Do you understand everything that is

20    being said to you today?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Defense counsel, have you discussed the

23    question of a guilty plea with your client?

24          MR. PERLMUTTER:  Yes, Your Honor.

25          THE COURT:  In your view, sir, does your client

W. Name - direct/cross - Atty                    22

1   understand the rights he would be waiving by pleading guilty?

2              MR. PERLMUTTER:  Yes, Your Honor.

3              THE COURT:  Defense counsel, do you have any

4   question at all as to your client's competence to proceed

5   today?

6              MR. PERLMUTTER:  No, Your Honor.

7              THE COURT:  Mr. Saidakhmetov, are you satisfied with

8   the assistance your attorney has given you thus far in your

9   case?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Do you believe that you have received

12  the effective assistance of counsel in your case?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Sir, if you come to believe that you

15  have not received the effective assistance of counsel in your

16  case, you have a right to appeal on that basis.

17             Counsel for the defendant, do you feel you need more

18  time to discuss the question of a guilty plea with your

19  client?

20             MR. PERLMUTTER:  No, Your Honor.

21             THE COURT:  Mr. Saidakhmetov, I have previously read

22  or offered to read to you the superseding indictment.  Do you

23  need me to read it to you at this time?

24             THE INTERPRETER:  Can you repeat the last portion,

25  please?

SN        OCR        RPR

W. Name - direct/cross - Atty                    23

1            THE COURT:  I have previously offered to read to you

2    the superseding indictment.  Do you need me to read to you the

3    superseding indictment at this time?

4            THE DEFENDANT:  No.

5            THE COURT:  Mr. Saidakhmetov, you have a right to

6    plead not guilty.  No one can be forced to plead guilty.  Do

7    you understand that?

8            THE DEFENDANT:  Yes.

9            THE COURT:  If you plead not guilty or if you

10   persist in your plea of not guilty you have a right under the

11   under the laws of the United States to a speedy and public

12   trial before a jury of your peers with the assistance of your

13   counsel.  Do you understand?

14           THE DEFENDANT:  Yes.

15           THE COURT:  At any trial, sir, you would be presumed

16   to be innocent.  You would not have to prove that you, in

17   fact, were innocent.  This is because under the laws of the

18   United States, it is the Government that must come forward

19   with proof that establishes beyond a reasonable doubt that you

20   are in fact guilty of the crime charged.

21           If the Government failed to meet this burden of

22   proof, the jury would have the duty to find you not guilty.

23   Do you understand that?

24           THE DEFENDANT:  Yes.

25           THE COURT:  During the course of a trial, witnesses

1   for the Government would have to come here to this court and

2   to testify in your presence.  You would have the right to have

3   your own lawyer cross-examine these witnesses.

4         Your own lawyer could raise legal objections to the

5   evidence the Government sought to offer against you.  Your

6   attorney could offer evidence on your behalf if he thought

7   there was evidence that might help you in your case.

8         Your lawyer could compel witnesses to come to court

9   and to testify in your defense if you thought it would help

10  your case.  Do you understand?

11        THE DEFENDANT:  Yes.

12        THE COURT:  At a trial, sir, you would have the

13  right to testify on your own behalf if you wish to do so.  On

14  the other hand, you could not be forced to be a witness at

15  your trial.

16        This is because under the Constitution and laws of

17  the United States no person can be compelled to be a witness

18  against himself.  If you wish to go to trial, but chose not to

19  testify, the Court would instruct the jury that it could not

20  hold that against you.  Do you understand that?

21        THE DEFENDANT:  Yes, I do.

22        THE COURT:  If instead of going to trial you plead

23  guilty to the crime charged and if I accept your guilty plea,

24  you will be giving up your right to a trial and all the other

25  rights I have just discussed.

1          There will be no trial in this case.  There will be

2     no appeal on the question of whether you did or you did not

3     commit the crime set forth in Count One of the superseding

4     indictment.

5          Pursuant to paragraph 4 of your plea agreement, you

6     can appeal or otherwise challenge your conviction or sentence

7     only if the sentence I impose exceeded 180 months of

8     imprisonment.

9          If I thereafter impose a sentence that fell above

10    that range, you would have a right to appeal or otherwise

11    challenge that sentence to a higher court.  Is that

12    understood?

13          THE DEFENDANT:  Yes, I do.

14          THE COURT:  In sum, sir, you are waiving any right

15    to appeal or challenge any conviction or sentence if the Court

16    imposes a term at or below 180 months of imprisonment.

17          If you elect to violate that agreement and file an

18    appeal resulting in your sentence being vacated or set aside

19    or if you otherwise challenge your conviction or sentence, you

20    could very well face a much greater sentence than the one you

21    receive under this plea agreement, specifically a sentence of

22    up to 15 years of imprisonment which is the statutory maximum

23    provided by the Congress of the United States.

24          Do you understand that?

25          THE DEFENDANT:  Yes.

W. Name - direct/cross - Atty                    26

1          THE COURT:  So, to be crystal clear, if I were to

2     sentence you to more than 180 months of imprisonment,

3     regardless of how I do it, you would have a right to appeal or

4     otherwise challenge the sentence.  If you could no longer at

5     that point afford the fees and expenses associated with the

6     appeal or challenge including counsel fees, you could apply to

7     the Court for the appointment of counsel and the fees and

8     expenses would be paid pursuant to prescribed rates set by the

9     Government pursuant to its authority under the Criminal

10    Justice Act.

11         Do you understand?

12         THE DEFENDANT:  Yes.

13         MR. PERLMUTTER:  Your Honor, just to be clear, under

14    the agreement the maximum to which the Court could sentence

15    him would be the statutory maximum 15 years.

16         MR. PRAVDA:  So if you could just advise the

17    defendant that because he is waiving any right to appeal the

18    sentence at the statutory maximum or below, he's effectively

19    waiving any right to appeal the conviction or sentence at all.

20         THE COURT:  Read back what your counsel just said

21    and let's make sure that your client understands it.

22         (Record read.)

23         THE COURT:  That is a correct statement.  Is that

24    what your client understands?

25         MR. PERLMUTTER:  Yes, it is.

1          THE COURT:  Is that what the prosecution

2   understands?

3          MR. PRAVDA:  Yes, Your Honor.

4          THE COURT:  Are we all in agreement?

5          MR. PERLMUTTER:  Yes, Your Honor.  The only thing is

6   that he can't waive, at this point, a claim of ineffective

7   assistance of counsel which is reflected in the plea

8   agreement.  With that said --

9          THE COURT:  You said what?

10         MR. PERLMUTTER:  The plea agreement indicates that

11  his rights do not preclude him raising a claim of ineffective

12  assistance of counsel in the appropriate forum.  Of course

13  Your Honor has already allocuted him on that issue; that he's

14  satisfied with the representation that he's received, that he

15  thinks it's been effective.  Just to be clear that there is

16  that one issue that remains pursuant to the plea agreement.

17         THE COURT:  He still has the right to challenge

18  effective assistance of counsel on appeal.

19         MR. PERLMUTTER:  Yes, of course.

20         THE COURT:  He can raise it here or he can raise it

21  on appeal.

22         MR. PERLMUTTER:  Yes, Judge.  I probably didn't say

23  it as clearly as I could have.

24         THE COURT:  There is Second Circuit authority that

25  states that.

1          MR. PERLMUTTER:  Yes, Your Honor.

2          THE COURT:  Are we clear?

3          MR. PRAVDA:  Yes, Your Honor,

4          THE COURT:  Are we clear?

5          MR. PERLMUTTER:  Yes, we are, Your Honor.  Thank

6    you.

7          THE COURT:  Good.  Nothing in the plea agreement,

8    however, prevents you from raising a claim of ineffective

9    assistance of counsel at an appropriate time and in an

10   appropriate forum.  That was my next sentence.

11         Are we all on board?  Is that clear?  Sir,

12   Mr. Defendant, is that clear to you?

13         THE DEFENDANT:  Yes, I do.

14         THE COURT:  If you do plead guilty, sir, I will have

15   to ask you certain questions about what you did and where you

16   did it in order to satisfy myself that you are, in fact,

17   guilty of the charge in count one of the superseding

18   indictment.  You will have to answer my questions and to

19   acknowledge your guilt.  If you do so, you will be giving up

20   your right not to incriminate yourself T do you understand,

21   sir?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Mr. Saidakhmetov, are you willing to

24   give up your right to a trial and all the other rights I have

25   just discussed with you?

1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  Is there any other agreement other than

3    the written plea agreement and written proffer agreements if

4    applicable that has been reached or made in order to get you

5    to plead guilty?

6          THE DEFENDANT:  No.

7          THE COURT:  Sir, do you understand the consequences

8    of pleading guilty to Count One of the superseding indictment

9    in terms of incarceration?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Let me take you back to the plea

12    agreement and discuss with you some important information

13    relevant to sentencing.

14          Paragraph 1 of your agreement sets out the statutory

15    terms that you face.  These are the penalties written directly

16    by Congress for violation of the statute you are charged with

17    today.  You face a maximum term of 15 years of imprisonment.

18    Do you understand that, sir?

19          THE DEFENDANT:  Yes.

20          THE COURT:  You face a minimum term of zero years of

21    imprisonment.  Do you understand that, sir?

22          THE DEFENDANT:  Yes.

23          THE COURT:  You face a maximum supervised release

24    term of life following any term of imprisonment.  Do you

25    understand that, sir?

W. Name - direct/cross - Atty                    30

1           THE DEFENDANT:  Yes.

2           THE COURT:  If you violate a condition of release,

3    you may be sentenced to up to two years of imprisonment

4    without credit for pre-release imprisonment or time previously

5    served on post-release supervision.  Do you understand that,

6    sir?

7           THE DEFENDANT:  Yes.

8           THE COURT:  You face a maximum fine as well in the

9    amount of $250,000.  Do you understand that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  You face restitution in an amount to be

12   determined by this court.  Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  You face a mandatory special assessment

15   of $100 which I am required to impose in all cases per

16   individual, per count.

17          Do you understand that?

18          THE DEFENDANT:  Are I didn't understand this part.

19   To whom I need to pay this amount?

20          MR. PERLMUTTER:  To the Court.

21          I'll talk to you about that.

22          He understands, Your Honor.  You can ask him again

23   though.

24          THE COURT:  You understand, sir?

25          THE DEFENDANT:  Yes.

W. Name - direct/cross - Atty                    31

1          THE COURT:  Mr. Saidakhmetov, you are not a citizen

2     of the United States as you have stated.  You face the

3     possibility, therefore, of deportation and removal from this

4     country.  Do you understand that, sir?

5          THE DEFENDANT:  Yes, I do.

6          THE COURT:  Sir, this is a sentencing guidelines

7     case so in sentencing you, this court will have to consider

8     certain guidelines.  The guidelines do not control this court,

9     but inform this court.

10          Has defense counsel discussed the sentencing

11     guideline with the defendant?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Sir, when the Court sentences you, the

14     Court will have to consider certain factors about you and

15     about Count One of the superseding indictment.  That inquiry

16     will lead this court to a guideline sentencing guideline

17     range.  This court is not required to sentence you within that

18     range.

19          This court is empowered to impose a sentence which

20     is less than, equal to or greater than that provided by the

21     guidelines but in all cases subject to the mandatory maximum

22     under the statute.

23          MR. PERLMUTTER:  Your Honor, one second.

24          THE COURT:  Would you read it back, please?

25          (Record read.)

SN        OCR        RPR

Case 1:15-cr-00095-WFK  Document 282  Filed 05/14/18  Page 32 of 37 PageID #: 1315

1           THE DEFENDANT:  Yes.

2           THE COURT:  Before the Court imposes sentence, the

3   Court will receive a report prepared by the Probation

4   Department which will recommend a particular sentence to the

5   Court.

6           You and your lawyer will have the opportunity to see

7   that report and if you think that report is mistaken,

8   incomplete or simply wrong in any way, you will have ample

9   opportunity to bring that to the attention of the court.

10          Counselor, do you have any questions you would like

11  to ask this court?

12          MR. PERLMUTTER:  No, Your Honor.

13          THE DEFENDANT:  No.

14          THE COURT:  Does defense counsel have any questions

15  you would like to ask the Court at this point?

16          MR. PERLMUTTER:  No questions, Judge.

17          THE COURT:  Is there anything defense counsel would

18  like the Court to address at this time?

19          MR. PERLMUTTER:  No, Your Honor.

20          THE COURT:  Is there anything the assistant United

21  States attorney would like to ask the Court at this time?

22          MR. PRAVDA:  No, Your Honor.

23          THE COURT:  Are there any other questions the

24  assistant United States Attorney would like the Court to

25  address at this time?

W. Name - direct/cross - Atty                    33

1              MR. PRAVDA:  No, Your Honor.

2              THE COURT:  Defense Counsel, do you know of any

3    reason why your client should not enter a plea of guilty to

4    Count One of the superseding indictment?

5              MR. PERLMUTTER:  No, Your Honor.

6              THE COURT:  Defense Counsel, are you aware of any

7    viable legal defense to the charges contained in Count One of

8    the superseding indictment?

9              MR. PERLMUTTER:  No, Your Honor.

10             THE COURT:  Mr. Saidakhmetov, are you ready to

11   plead?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Sir, how do you plead to Count One of

14   the superseding indictment filed in this case, guilty or not

15   guilty?

16             THE DEFENDANT:  Guilty.

17             THE COURT:  Are you making this plea of guilty

18   voluntarily?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Are you making this plea of guilty of

21   your own free will?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Has anyone forced you to plead guilty?

24             THE DEFENDANT:  No.

25             THE COURT:  Has anyone threatened you to plea

W. Name - direct/cross - Atty                    34

1   guilty?

2            THE DEFENDANT:  No.

3            THE COURT:  Other than the agreement with the

4   Government and any written proffer agreements if applicable,

5   has anyone made you any promise that caused you to plead

6   guilty?

7            THE DEFENDANT:  No.

8            THE COURT:  Has anyone made you any promise about

9   the sentence you will receive from this court?

10           THE DEFENDANT:  No.

11           THE COURT:  Describe briefly in your own words what

12  you did to commit the crimes charged in Count One of the

13  superseding indictment and where you did it.

14           THE DEFENDANT:  Between August 2014 and 2015, we had

15  a conspiracy with others regarding -- that help.  And I was a

16  member of this conspiracy and I was knowing that this was

17  illegal.  So between us we have conspiracy to provide the

18  material support to ISIL.  And during this conspiracy I know

19  that this -- that ISIL is considered as a terroristic

20  organization by the Department of State.  So this -- the

21  violation happened Brooklyn and other places.

22           THE COURT:  Would you read the answer back, please?

23           (Record read.)

24           THE COURT:  You say August 2014 and 2015; is that

25  right?

1            THE DEFENDANT:  Yes.

2            THE COURT:  Any particular month in 2015 or just

3      2015 in general?

4            THE DEFENDANT:  February.

5            THE COURT:  And this was done where?

6            THE DEFENDANT:  In Brooklyn and other places.

7            THE COURT:  Brooklyn, New York in the Eastern

8      District of New York in the United States of America?

9            THE DEFENDANT:  Yes.

10           THE COURT:  You used the term ISIL, what do you mean

11     by ISIL?

12           THE DEFENDANT:  Islamic State of Iraq and Lebanon.

13           THE COURT:  And what do you understand ISIL to be?

14           THE DEFENDANT:  I knew that this is the terroristic

15     organization and designated by the Department of State of the

16     United States.

17           THE COURT:  What do you mean by terrorist

18     organization?

19           MR. PERLMUTTER:  Your Honor, my understanding is

20     that he just has to be aware that the organization had been

21     designated by the Secretary of State as a terrorist

22     organization.

23           THE COURT:  I'm asking him what his understanding of

24     what those words was, terrorist organization, if he has an

25     understanding.

1          THE DEFENDANT:  This is scaring civilians.

2          THE COURT:  How?

3          THE DEFENDANT:  In my understanding, this is an

4     organization that's comitting violent acts against the people.

5          THE COURT:  Is there anything else the Government

6     would like the Court to ask the defendant?

7              First, has he completed his answer?

8          MR. PERLMUTTER:  Judge, there's nothing else to add

9     at this point.

10         THE COURT:  Is there anything else the Government

11    would like the Court to ask the defendant?

12         MR. PRAVDA:  Nothing from the Government, Your

13    Honor.

14         THE COURT:  Is there anything else the defense

15    counsel would like the Court to ask the defendant.

16         MR. PERLMUTTER:  No, Your Honor.

17         THE COURT:  Is there anything the defendant would

18    like to say at this time?

19         THE DEFENDANT:  No.

20         THE COURT:  Based on the information given to me, I

21    find the defendant is acting voluntarily; that he fully

22    understands the charges; that he fully understands his rights

23    and he fully understands the consequences of his plea.

24             There is, moreover, a factual basis for the plea and

25    I therefore accept the plea of guilty to Count One of the

W. Name - direct/cross - Atty                    37

1    superseding indictment.  I hereby order the Probation

2    Department to provide the pre-sentence investigation report

3    within six months of this day which will be on or before July

4    19, 2017.

5              Is there anything further that any counsel wishes to

6    state to the Court today?

7              MR. PRAVDA:  No, Your Honor, thank you.

8              MR. PERLMUTTER:  No, Your Honor, thank you.

9              THE COURT:  Thank you.  Court is adjourned.

10             THE COURTROOM DEPUTY:  Counsel, before you leave the

11   courtroom please fill out the conviction notification form.

12             MR. PERLMUTTER:  Yes.

13             THE COURTROOM DEPUTY:  Thank you.

14             (Matter adjourned.)

15

16

17

18

19

20

21

22

23

24

25