*LAWRENCE MARK STERN, Attorney At Law*
*100 Hudson Street, #6A, New York, New York 10013*
*212-925-6863   fax  212-925-6850   lmstern@verizon.net*

_____

June 29, 2019

Hon. William F. Kuntz
United States District Court          Re: United States v. Juraboev, Azizjon
Eastern District of New York              Rakhmatov, Dilkhayot Kasimov
225 Cadman Plaza East                      Defendants
Brooklyn, New York 11201                  15-95 WFK

Dear Judge Kuntz,

  Please accept this letter as defendant Rakhmatov's objection to the motion filed yesterday by the government (doc. 328) to admit into evidence at trial the statements of codefendant Kasimov. It is not possible to more specifically object to this motion, because it is sealed and defendant Rakhmatov has no access to it, the contents of the statements sought to be admitted, or the asserted grounds for their admission into evidence. It is not known, for example, whether these are pre or post arrest statements or whether defendant Rakhmatov is referred to in the statements by name or otherwise. If these are post arrest statements that refer to defendant by name or descriptive characteristics or identifying circumstances, they would run afoul of defendant's Constitutional right to confrontation and cross-examination. *Bruton v. United States*, 391 U.S. 123 (1968). If they are pre-arrest statements, they cannot be admitted unless the government makes a showing to satisfy the preconditions for the admission of coconspirator statements. F.R.Evid. 801(d)(2)(E).

  The concealment of this government motion from defendant Rakhmatov denies him his Constitutional rights to a defense, to counsel and to a fair trial and due process of law. If it is required by the Stipulation and Order of June 27, 2016 ( the protective order), that order is itself unconstitutional, and the concealment from defendant of this and other motions by the government and the codefendant (Rakhmatov has received no notice of any motions filed by the codefendant), is another ground for vacatur of the protective order. See Defendant Rakhmatov's Motion to Vacate the Protective Order and For Permission to Unseal and File Motions Publicly. At the least, the government's motion should be unsealed and publicly filed or otherwise provided to defendant.

  Thank you for your attention.

           Respectfully,

           S/ Lawrence Mark Stern
           LAWRENCE MARK STERN
           Attorney for Azizjon Rakhmatov

cc: Elizabeth Macedonio, Esq.
  Kelley Sharkey, Esq.
  Attorneys for codefendant Kasimov