UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA           :
                                   :
    -against-                    :
                                   :         15-95
JURABOEV, et. al, AZIZJON          :         WFK
RAKHMATOV,                         :
                                   :
           Defendant           :
                                   :
--------------------------------------------------------x


DEFENDANT RAKHMATOV'S
SUPPLEMENT TO HIS MOTION
TO DISMISS COUNT THREE


LAWRENCE MARK STERN
100 Hudson Street, #6A
New York, N,Y, 10013
(212) 925-6863


JAMES NEUMAN
100 Lafayette Street
Suite 501
New York, N.Y, 10013

POINT I

RECENT SUPREME COURT DECISIONS
REQUIRE DISMISSAL OF COUNT THREE

This is a supplement to Defendant Rakmhatov's motion, filed June 24, 2019, to dismiss Count Three of the indictment charging Mr. Rakmhatov with conspiracy to use and carry a firearm during a crime of violence, to wit the crimes charged in Counts One and Two, 18 U.S.C. §924(c). Mr. Rakhmatov asserts that Counts One and Two are not crimes of violence, as a matter of law, because they do not have as an element, "the use, attempted use, or threatened use of physical force against the person and property of another." 18 U.S.C. §924(c)(3)(A). On the day the motion to dismiss Count Three was filed, the Supreme Court issued a decision reaffirming the grounds for dismissal.

In *United States v, Davis*, 139 U.S. 2319 (June 24, 2019), the Court affirmed the Fifth Circuit's holding that conspiracy to commit robbery is not a crime of violence. The Court held that the "residual clause" of 18 U.S.C. §924(c)(3)(B), the only basis on which the conspiracy charge could arguably be sustained as a crime of violence, is unconstitutionally vague. The conspiracy crime could not otherwise be sustained as a crime of violence under the "elements clause," 18 U.S.C. §924(c)(3)(A), because it does not have as an element the "the use, attempted use, or threatened use of physical force."

On June 28, 2019, the Supreme Court vacated the Second Circuit decision in *United States v. Barrett*, 903 F.3d 166 (2018), in light of *Davis*. Barrett had held that the residual clause was constitutional.

The Supreme Court in *Davis* also held that the case specific fact approach, offered by the government, and previously adopted by the Second Circuit to replace the categorical approach as a theory on which to sustain convictions otherwise unconstitutional under the residual clause, is not valid under the law. *Watkins v. United States*, 2019 WL 653249, vacating in light of Davis, *United States v. Costa*, 744 Fed.Appx. 27 (2d Cir. 2018).

The Second Circuit's decision in *United States v. Hill*, 890 F.3d 51 (2018), remains to sustain a §924(c) charge when the underlying crime is a substantive offense which has as an element "the use, attempted use, or threatened use of physical force." Neither Counts One or Two of the indictment in this case is such a crime. The conspiracy charged in Count One specifically is not a crime of violence under *Davis*.

## CONCLUSION

FOR THE ABOVE STATES REASONS, AND THE REASONS STATED IN THE OPENING MOTION, COUNT THREE SHOULD BE DISMISSED

Respectfully submitted,

S/Lawrence Mark Stern

LAWRENCE MARK STERN

S/James Neuman

JAMES NEUMAN

2