DMP/DKK/JMH
F. #2014R01413

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -                Docket No. <u>15-CR-95 (S-3) (WFK)</u>

DILKHAYOT KASIMOV, et al.,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - X

<u>MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT KASIMOV'S MOTION
TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT</u>

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Douglas M. Pravda
David K. Kessler
J. Matthew Haggans
Assistant U.S. Attorneys
    (Of Counsel)

<u>INTRODUCTION</u>

Defendant Dilkhayot Kasimov ("Kasimov" or "the defendant") is charged in the above-captioned indictment with: (1) conspiracy to provide material support to a foreign terrorist organization ("FTO"), to wit, the Islamic State of Iraq and al-Sham ("ISIS"), in violation of 18 U.S.C. § 2339B ("Count One"), in the forms of personnel and services; and (2) attempting to provide material support to ISIS ("Count Two"), also in violation of 18 U.S.C. § 2339B, in the forms of personnel and services.[1]

Kasimov now moves to dismiss Counts One and Two on the theory that the indictment, as alleged, fails to meet the requirements of the relevant statute, 18 U.S.C. § 2339B, because it does not allege that the "personnel" that was the object of the conspiracy and the attempt charged was intended to work "under [ISIS]'s direction or control." <u>See</u> ECF No. 326 (June 27, 2019).

Counts One and Two allege all of the essential elements of violations of 18 U.S.C. § 2339B.  The motion should therefore be denied.

I.   <u>Background</u>

As relevant here, Count One charges Kasimov as follows:

In or about and between August 2014 and February 2015 . . . within the Eastern District of New York and elsewhere . . . Kasimov, together with others, did knowingly and intentionally conspire to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including

---

[1]      Defendant Azizjon Rakhmatov filed the motion to dismiss Counts One and Two.  <u>See</u> ECF No. 326 (June 27, 2019).  Defendant Kasimov later joined in that motion. <u>See</u> ECF No. 337 (July 22, 2019).  Defendant Rakhmatov has since pleaded guilty. Accordingly, the government's response herein is styled as if the motion had originally been filed by Kasimov.

> services and SAIDAKHMETOV and Abdurasul Juraboev as
> personnel, to an [FTO], to wit: [ISIS].

See S-3 Indictment, ECF No. 135.

> As relevant here, Count Two charges Kasimov as follows:

> In or about and between August 2014 and February 2015 . . .
> within the Eastern District of New York and elsewhere . . .
> Kasimov, together with others, did knowingly and intentionally
> attempt to provide material support and resources, as defined in
> Title 18, United States Code, Section 2339A(b), including
> services and SAIDAKHMETOV and Abdurasul Juraboev as
> personnel, to an [FTO], to wit: [ISIS].

See id.

## II.    An Indictment Must Identify the Essential Elements of the Offense Charged

Every indictment must set forth "all of the essential elements of the crime[.]"

United States v. Gonzales, 686 F.3d 122, 127 (2d Cir. 2012).  This ensures that defendants

are not "convicted on the basis of facts not found by, and perhaps not even presented to, the

grand jury" that returned the indictment.  Russell v. United States, 369 U.S. 749, 770 (1962).

An indictment must also be specific enough to permit the defendant to prepare his defense.

See, e.g., U.S. Const. amend. VI; United States v. Brozyna, 571 F.2d 742, 746 (2d Cir. 1978)

(indictment should be sufficiently clear so that the defendant "will not be misled while

preparing his defense").  These requirements, important though they are, do not require

exactitude: "[A]n indictment need do little more than to track the language of the statute

charged and state the time and place (in approximate terms) of the alleged crime."  United

States v. Alonso, 143 F.3d 772, 776 (2d Cir. 1998) (internal marks and citation omitted).

III.     The Indictment Alleges Each Essential Element of the Material Support Offense

The material support statute, 18 U.S.C. § 2339B, has three essential elements:

- The defendant knowingly and intentionally provided material support or resources to an FTO;

- The defendant knew that the FTO was an FTO, or that the FTO had engaged in terrorist activity or terrorism; and

- The defendant is subject to the jurisdiction of the United States (such as by committing the offense within the Eastern District of New York, as the indictment alleges).

See 18 U.S.C. § 2339B.  The government must also identify the type of material support

provided.  See United States v. Awan, 459 F. Supp. 2d 167, 175-76 (E.D.N.Y. 2006)

(dismissing indictment where Court held that allegation of "material support," without more,

was insufficient notice of charges under 18 U.S.C. § 2339A).  The government did so here:

"services and SAIDAKHMETOV and Abdurasul Juraboev as personnel[.]"

Where the material support at issue is "personnel," the government is required

to offer sufficient proof—at trial—that the personnel in question meet the definition of

personnel set out in 18 U.S.C. § 2339B(h) ("Section 2339B(h)").  That definition requires

that the personnel that were the object of the conspiracy were intended to "work under [the

FTO's] direction or control."  See Section 2339B(h).  Because Section 2339B(h) is merely a

"definitional provision"—but not an essential element—it need not be pleaded in the

indictment.  See United States v. Pugh, No. 15-CR-116 (NGG), 2015 WL 9450598, at *6,

*11 (E.D.N.Y. Dec. 21, 2015) ("Section 2339B(h) further defines "personnel" and is not an

affirmative defense or an essential element of the offense of providing material support to an

FTO."); see also United States v. Shafi, 252 F. Supp. 3d 787, 793-94 (N.D. Cal. 2017)

("Construing [Section 2339B](h) as an element would be largely redundant because it simply

modifies the meaning of the word 'personnel' as used in subsection (a).  In this way, [Section 2339B](h) functions in the same way a statutory definition section does."); accord United States v. Ludke, 2017 WL 9772960, at *6 (E.D. Wisc. Dec. 11, 2017).[2]

In United States v. Pugh, the District Court considered and rejected the argument the defendant advances by this motion.  Reviewing the statutory text, the District Court identified two statutory features indicating that Section 2339B(h) was definitional:

> First, [Section 2339B](h) begins: "No person may be prosecuted under this section in connection with the term 'personnel'[.]" The use of the phrase "the term 'personnel,'" with personnel in quotation marks, indicates that [Section 2339B](h) was intended to piggy-back on the statutory term "personnel" as used in the defined term "material support or resources." [Section 2339B](h) then goes on to limit the scope of that definition. It appears, therefore, that Section 2339B(h) was intended by Congress to be definitional.
>
> Second, the structure of [Section 2339B](h) suggests that it was . . . intended to be definitional. [Section 2339B](h) provides . . . language [that] materially tracks the substantive offense outlined in Section 2339B(a)(1)[.] . . . Of course, "material support or resources" is a defined term that includes the provision of "personnel." The only material difference, then, between Section 2339B(h) and Section 2339B(a), in the context of "personnel," is that Section 2339B(h) pulls back on the breadth of the term "personnel." Put another way, [Section 2339B](h) is doing nothing more than limiting the breadth of Section 2339B(a)(1) with regard to "personnel" offenses.

---

[2]    One district court has held otherwise—but that case does not help the defendant.  In United States v. Ahmed, the court concluded that Section 2339B(h) functions as an affirmative defense, not as an element that must be charged in an indictment.  United States v. Ahmed, No. 15-CR-49 (MJD), 2015 U.S. Dist. LEXIS 171561, at *6-7 (D. Minn. Sept. 1, 2015).

Pugh, 2014 WL 9450598, at *8.[3]  Having concluded that Section 2339B(h) was definitional, the Pugh court then concluded: "That courts do not require an indictment to plead beyond the term "personnel" is unsurprising.  In fact, it follows the longstanding rule that an indictment need not plead statutory definitions."  Id. at *13.  The same result should control here.

Because Counts One and Two state all of the essential elements of the 18 U.S.C. § 2339B offense, and because Section 2339B(h) is definitional, this aspect of the defendant's motion should be denied.

IV.     Counts One and Two May Also Be Proven by the Provision of Services, As Alleged

The defendant also argues that Counts One and Two cannot be saved by the government's allegations that the defendant also conspired and attempted to provide services.  The basic thrust of the defendant's argument is that, because the government charged "services" in the conjunctive—i.e., "personnel and services"—the government cannot succeed at trial if the proof establishes only the disjunctive, i.e., one of the two—personnel or services.

The defendant is wrong.  It has been long-settled in the Second Circuit that "[a]n indictment may charge alternate ways of violating a statute in the conjunctive, and a conviction under such an indictment will be sustained if the evidence justifies a finding that the statute was violated in any of the ways alleged."  United States v. Astolas, 487 F.2d 275, 280 (2d Cir. 1973) (emphasis added) (affirming jury charge that used the disjunctive "or" where indictment charged the conjunctive "and"); see also United States v. Schiff, 801 F.2d

---

[3]        The Pugh court also considered whether the statutory text supported a reading that Section 2339B(h) functioned as an affirmative defense, and concluded that it did not.  Pugh, 2015 WL 9450598, at *9; cf. Ahmed, 2015 U.S. Dist. LEXIS 171561, at *6-7.

108, 114 (2d Cir. 1986) ("It appears settled that indictments worded in the conjunctive, charging violations of statutes worded in the disjunctive, can be supported by proof of <u>either of the conjoined means</u> of violating the act.") (emphasis added).  Where the indictment alleges a violation of law by "personnel and services," therefore, the trial jury may convict so long as the government proves, beyond a reasonable doubt, at least one of the two.  <u>See</u> <u>United States v. McDonough</u>, 56 F.3d 381, 390 (2d Cir. 1995) (rejecting as "meritless" a mail fraud defendant's claim that because the indictment alleged two purposes to the fraud, the government was required to prove both); <u>Clare v. United States</u>, No. 12-CR-792 (ARR), 2018 WL 1385881, at *4 (E.D.N.Y. Mar. 19, 2018) ("[I]t is proper to have a conjunctive indictment and a disjunctive jury charge[.]").

The defendant cites no legal authority for the contention that the rule summarized above should apply differently to 18 U.S.C. § 2339B.  <u>See</u> ECF No. 326 at 4. That is because the government may succeed at trial by proving that either services, or personnel, or both, were the objective of Counts One and Two.

<u>CONCLUSION</u>

For the reasons set forth above, Kasimov's motion to dismiss Counts One and

Two should be dismissed.

Dated:      Brooklyn, New York
            August 16, 2019

                                    Respectfully submitted,

                                    RICHARD P. DONOGHUE
                                    UNITED STATES ATTORNEY
                                    Eastern District of New York


                        By:    /s/ J. Matthew Haggans
                               Douglas M. Pravda
                               David K. Kessler
                               J. Matthew Haggans
                               Assistant United States Attorneys
                               (718) 254-6268/7202/6127

7