UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,                       :
                                                :
            v.                                  :    **MEMORANDUM & ORDER**
                                                :    15-CR-95-6 (WFK)
AZIZJON RAKHMATOV,                              :
                                                :
                        Defendant.              :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** On August 15, 2019, Azizjon Rakhmatov ("Defendant") pled guilty to Count One of the Superseding Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 150 months of incarceration, a lifetime of supervised release, and a $100 mandatory special assessment.

## BACKGROUND

On May 9, 2016, the Government filed a Superseding Indictment against Defendant and his co-defendants, charging him with: (1) Conspiracy to Provide Material Support to a Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B; (2) Attempt to Provide Material Support to a Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B; and (3) Conspiracy to Use a Firearm, in violation of 18 U.S.C. § 924(o). Superseding Indictment, ECF No. 135. On August 15, 2019, Defendant pled guilty to Count One of the Indictment. ECF Nos. 367–68.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I.   Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court

chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines.  18 U.S.C. § 3553(c)(2).  The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form."  *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)."  *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.).  Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant.  The Court addresses each in turn.

**II.    Analysis**

    **A.  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).

Defendant was born on December 28, 1986 in Tashkent, Uzbekistan to the marital union of Shokir Rakhmatov and Nodira Rakhmatov.  Presentence Investigation Report ¶ 50, ECF No. 448 ("PSR").  His parents reside together in Uzbekistan.  *Id.*  His father is a truck driver and suffers from coronary disease.  *Id.*  His mother is a homemaker and suffers from liver disease and a spinal condition.  *Id.*  Defendant's parents are aware of his arrest and conviction and remain supportive of him.  *Id.*

Defendant was reared by both parents under lower-income circumstances in Uzbekistan.  *Id.* ¶ 51.  He recalled having a childhood full of good memories and devoid of any forms of

abuse. *Id.* Defendant has a younger brother, Alisher Rakhmatov, who resides in Uzbekistan. *Id.* Defendant's brother is healthy and has four children. *Id.* Defendant is close with his brother, who is aware of his arrest and conviction and remain supportive of him. *Id.*

In 2009, Defendant married Feruza Baymatova in Uzbekistan. *Id.* ¶ 52. After a few months of marriage, Defendant decided to seek a divorce. *Id.* The marriage produced Defendant's eldest daughter, age 10, who is healthy and attends school. *Id.* Defendant's eldest daughter resides with his ex-wife in Uzbekistan. *Id.* Defendant's ex-wife, who has remained angry with him for divorcing her while pregnant, has not remained in contact with Defendant. *Id.* However, Defendant reports having supported his daughter financially, prior to his instant arrest. *Id.*

In March 2011, Defendant left Uzbekistan and travelled to the United States on a tourist visa. *Id.* ¶ 53. Defendant then lived in New York City for several months before relocating to Syracuse, New York. *Id.* In 2013, Defendant moved to New Britain, Connecticut. *Id.* ¶ 55. ICE records indicate Defendant is not a legal resident of the United States and is currently subject to removal proceedings. *Id.* ¶ 53.

In 2012, Defendant began dating Abibata Kone. *Id.* ¶ 54. The couple married on June 3, 2016, in Syracuse, New York. *Id.* Defendant's wife is a homemaker and suffers from stomach ulcers. *Id.* Defendant has two children from his second marriage, ages five and four. *Id.* Both children are healthy and reside with his wife. *Id.* Defendant's wife and younger children are experiencing significant financial hardship since Defendant's arrest and have had to face eviction and live in a shelter. *Id.* Defendant's wife is aware of his arrest and conviction and remains supportive of him. *Id.*

Defendant lives with cavities, recurring sinus infections, as well as chronic joint pain in the legs and shoulders related to his history of rheumatism. *Id.* ¶ 58. With respect to his mental health, Defendant reports suffering from fear his wife will not be able to cope financially in his absence. *Id.* ¶ 59. Defendant does not have a history of alcohol or drug abuse. *Id.* ¶ 60.

Defendant obtained a college degree in engineering while in Uzbekistan. *Id.* ¶ 61. He is fluent is Uzbek and speaks English. *Id.* ¶ 62. Beginning in 2013, Defendant worked as a self-employed car salesman in Connecticut, earning $4,000.00 in gross profits each month. *Id.* ¶ 64. From 2012 until 2013, Defendant was a salesperson at a mall kiosk in Syracuse, New York. *Id.* ¶ 65. From 2004 until 2012, Defendant operated a jewelry store in Uzbekistan. *Id.* Defendant appears unable to pay a fine. *Id.* ¶ 68.

In February 2015, Defendant assisted his co-defendants in raising money to support co-defendant Akhror Saidakhmetov's travel from the United States to Syria to join the Islamic State of Iraq and Syria ("ISIS"), a jihadist militant organization and designated foreign terrorist organization ("FTO"). *Id.* ¶¶ 3–4, 18–23. Defendant agreed to contribute his own funds towards Saidakhmetov's travel and the purchase of a firearm and to further assist in raising funds from others. *Id.* ¶¶ 19–22. Defendant contributed $400.00 to fund Saidakhmetov's travel and expenses in Syria to fight on behalf of ISIS. *Id.* ¶ 22.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

4

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity, from disregarding U.S. law, and from engaging in illicit activity.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count One of the Superseding Indictment. ECF Nos. 368–69. By statute, Defendant faces a maximum term of imprisonment of fifteen years. 18 U.S.C. § 2339B (effective Dec. 1, 2009, through June 1, 2015). Defendant further faces a maximum term of supervised release of life. *Id.* § 3583(j). Defendant also faces a maximum fine of $250,000.00, *id.* § 3571(b)(3), and a mandatory special assessment of $100.00, *id.* § 3013.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

For a violation of 18 U.S.C. § 2339B the applicable Guideline is section 2M5.3(a). United States Sentencing Commission, Guidelines Manual ("USSG") § 2M5.3(a). The base offense level is 26. *Id.* § 2M5.3(a). As the instant offense involved provision of material support with the intent, knowledge or reason to believe such support was to be used to assist in the commission of a violent act the offense level is increased by two (2) levels. *Id.* § 2M5.3(b)(1)(E); PSR ¶ 34; Gov't Sentencing Mem. at 10, ECF No. 475 ("Gov't Mem.").

Further, as the offense is a felony intended to promote a crime of terrorism, the offense level is increased by twelve (12) levels. USSG § 3A1.4(b); PSR ¶ 35; Gov't Mem. at 10. This results in an adjusted offense total of forty (40).

Defendant has demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two (2) levels. USSG § 3E1.1(a). Because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one (1) additional level. *Id.* § 3E1.1(b). This calculation yields a total offense level of thirty-seven (37).

Probation and the Government agree with this calculation. PSR ¶¶ 33–42; Gov't Mem. at 10. Defendant argues the Court should disregard USSG §§ 2M5.3(b)(1)(E) and 3A1.4(b), arguing section 3A1.4(b) is unconstitutional and unproven and to count both sections would "be double counting." Def.'s First Obj. to PSR at 1–11, ECF No. 474 ("Def. 1st Obj."). Defendant suggests the Court should use solely the base offense level without enhancement, which would result in an offense level of 26. Def. 1st Obj. at 19, 24, 41.

Probation and the Government state Defendant's criminal history category is six (VI), pursuant to USSG § 3A1.4(b). PSR ¶ 45; Gov't Mem. at 10. Defendant argues USSG § 3A1.4(b) is inapplicable and unconstitutional. Def. 1st Obj. at 1. As he has no criminal convictions apart from the instant offense, Defendant argues his criminal history category is one (I). *Id.* at 10.

A total offense level of thirty-seven (37) and a criminal history category of six (VI) yields a Guidelines term of imprisonment of 360 months to life. USSG Ch. 5, Part A. However, as the statutorily authorized maximum sentence is 15 years, the restricted Guidelines term of

imprisonment is 180 months. USSG § 5G1.1(a). The Guidelines also recommend a fine of between $40,000.00 and $250,000.00. *Id.* § 5E1.2(c)(3), (h)(1).

A total offense level of twenty-six (26) and a criminal history category of one (I) yields a Guidelines term of imprisonment range of sixty-three (63) to seventy-eight (78) months. *Id.* Ch. 5, Part A. And the Guidelines recommend a fine of between $25,000.00 and $250,000.00. *Id.* § 5E1.2(c)(3).

For both calculated offense levels, the Guidelines further recommend a term of supervised release between two years and life, *id.* § 5D1.2(a)(1), and advise Defendant is ineligible for probation. *Id.* § 5B1.1 n.2.

Probation recommends a sentence of 180 months in custody and lifetime supervised release with special conditions. *See* U.S. Probation Dep't Sentence Recommendation at 1, ECF No. 448-1. The Government requests a sentence of 180 months in custody. Gov't Mem. at 1. Defense counsel requests a sentence of time served or within his calculated range of sixty-three to seventy-eight (63–78) months. Def. 1st Obj. at 19, 24, 41.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). This factor is not relevant to Defendant's sentencing.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and

7

Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). This factor is not relevant to Defendant's sentencing.

## CONCLUSION

A sentence of 150 months of incarceration, lifetime of supervised release, and a $100 mandatory special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the special conditions to supervised release recommended by Probation. *See* U.S. Probation Dep't Sentence Recommendation, ECF No. 448-1. Furthermore, the Court recommends the Defendant be transferred to Federal Correctional Institution, Danbury (FCI-Danbury), as his immediate family resides in Connecticut.

Finally, the Court re-issues its October 10, 2019 Order, and again orders the Warden of the Metropolitan Correctional Center to provide Azizjon Rakhmatov, #89329-053, with dental and medical care, to ensure, to the fullest extent that dentistry and medicine can provide, that Mr. Rakhmatov's teeth are repaired, maintained, and no longer cause him pain, and that the blockages of his sinuses and nasal passages are cleared and remain so." ECF No. 424.

The Court expressly adopts the factual findings of the Presentence Investigation Report and any addenda thereto, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

**SO ORDERED.**

_____s/ WFK_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: January 15, 2021
      Brooklyn, New York

9